IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA     ) | |
| ) | |
| v.                           ) | Criminal No. 03-244 |
| ) | |
| NICOLE HARRIS                ) | |

MOTION TO REDUCE SENTENCE
UNDER RULE 35(b), FEDERAL
RULES OF CRIMINAL PROCEDURE

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and James H. Love, Assistant United States Attorney for said District, and files this Motion to Reduce Sentence Under Rule 35(b), Federal Rules of Criminal Procedure and in support thereof avers as follows:

1. This defendant was arrested on July 22, 2003, hours after the robbery of S&T Bank in Murrysville, Pennsylvania. By that time, her boyfriend, Anthony Williams, and Anthony Askew were already in custody for the same crime.

2. Ms. Harris immediately decided to cooperate with authorities and gave a full statement to FBI agents concerning the conduct now alleged in Counts 16, 17 and 18 of the Indictment. At that point, she did not have counsel and had not been promised anything in connection with her cooperation.

3. In due course, the grand jury indicted Williams, Harris, Anthony Askew and Maurice Askew. Harris herself was charged with robbery and armed robbery, as alleged in Counts 16 and 17 of the Indictment. Thereafter, her counsel and the government

entered a plea agreement which called upon Ms. Harris to testify, if necessary, at any trial of her co-actors. Thereafter, Ms. Harris entered a guilty plea before this court, pursuant to that agreement.

4. Her co-actors Anthony and Maurice Askew proceeded to trial. (By that time, Anthony Williams had also pleaded guilty and agreed to cooperate as well.) The government called Ms. Harris as a witness in that case about the events of July 22, 2003, and other background details germane to the case.

5. In large part, Ms. Harris' testimony was credible and highly probative of Anthony Askew's guilt of the sixth and final robbery alleged in the Indictment. Further, her testimony was corroborated by independent evidence, much of which derived from briefing sessions with Ms. Harris.

6. A substantial shortcoming in Ms. Harris' testimony is already known to the court. Particularly, she denied participating in another of the robberies alleged against Anthony Askew whereas, in cross-examination it developed that she had in fact cased the victim bank and acted as the getaway driver.

7. While that falsehood was intentional, premeditated and plainly material, the matter was put right by re-calling Ms. Harris to the stand and adducing from her a complete account of her involvement in that crime.

8. Ms. Harris' false testimony apparently had no negative effect in the jurors' collective assessment of the case insofar as both Askews were convicted as charged.

9. Ms. Harris also testified in an unrelated matter in the Eastern District of New York. That case involved a triple homicide in Wilkinsburg connected to a New York drug trafficker. The comments of the Assistant United States Attorney in that case are attached as an exhibit.

10. Under Rule 35(b), the government may file a motion authorizing the court to reduce the sentence of a person who has provided substantial assistance in the investigation and prosecution of another person.

11. The government believes that Ms. Harris has provided substantial assistance with the meaning of the Rule and is entitled to the relief thereof.

For all these reasons, the government urges the Court to consider this motion and authorize a reduction in the sentence of Nicole Harris.

Respectfully submitted,

*[signature]*
MARY BETH BUCHANAN
United States Attorney
PA I.D. No. 50254

*[signature]*
JAMES H. LOVE
Assistant U.S. Attorney
PA I.D. No. 39601



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 30, 2005

AUSA James Love
United States Attorney's Office
Western District of Pennsylvania
United States Post Office & Courthouse
700 Grant Street - Suite 400
Pittsburgh, PA 15219

Re: United States v. Nicole Harris

Dear AUSA Love:

This Office writes to inform you of testimony and assistance provided by Nicole Harris in connection with United States v. Elijah Bobby Williams and Michael Williams, S1 00 Cr. 1008 (NRB). This Office is mindful that Ms. Harris failed to disclose all information concerning her prosecution for bank robbery in your district, and thus makes no specific recommendation as to whether or not a motion under Rule 35 for a reduction in her sentence should be filed. Furthermore, this Office made no promises to Harris that her testimony as a witness called by this Office would result in any reduction in her sentence. However, to the extent that her testimony in New York bears on your decision to file a motion pursuant to Rule 35, this Office submits the following facts for your review, along with a copy of her testimony.

### A. Background

In the mid-1990's, Nicole Harris began dating a man named Henry Germany. While Harris and Germany were living together, Germany was selling crack cocaine in retail quantities. Germany was being supplied by members of the Williams family, multi-kilogram quantity crack cocaine traffickers from New York. During the time that Germany was in business with the Williamses, Harris assisted Germany by packaging and selling drugs. For example, Harris' own father was a crack addict, and Harris would supply her father and his associates with crack cocaine.

Exhibit

In February 1996, Elijah Bobby and Michael Williams committed a triple homicide in Wilkinsburg, PA. Nicole Harris assisted Elijah Bobby Williams while he was attempting to elude arrest. She helped him by continuing to sell drugs for him which earned him money, by hiding a car for him, and by bringing one of his girlfriends to see him in West Virginia, where he was hiding out. Once Elijah Bobby Williams was arrested, Harris continued to help him, primarily by bringing drugs to him in prison

### B.   Harris's Assistance to SDNY

In or about February 2005, as this Office was preparing for trial in United States v. Elijah Bobby Williams and Michael Williams, Nicole Harris was brought to New York to be interviewed for the first time in connection with this prosecution. Although she was under no obligation to speak with us, she agreed to do so without reservation. Throughout her meetings with representatives of SDNY, Harris was extremely candid, both about her own involvement in drug dealing and her knowledge of the trial defendants' past criminal conduct. Throughout her meetings with this Office and her trial testimony, the consistency of her information never wavered and Harris provided incriminating information about various individuals, without showing any favoritism towards them. Harris's information was corroborated in full by other witnesses, some of whom she has never met or has not seen in nearly 10 years.[1] In addition, Harris was instrumental in securing the cooperation of another witness, who was initially less than forthcoming to the Government. Harris also reported an instance of witness tampering by one of the trial defendants to the Government, which was a constant problem in this case.

After an eight-week trial, both defendants were convicted of numerous charges, including murder, attempted murder, narcotics trafficking, and money laundering. This Office believes that Harris gave truthful testimony at an important trial and helped secure the conviction of two dangerous individuals. Although Harris's prior perjury in your District may have damaged her credibility at our trial, I believe that her forthright and sincere demeanor, combined with substantial corroboration by other witnesses and evidence, contributed to the convictions in our case.

Harris's cooperation certainly meets the level of other cooperators involved in this important prosecution of this violent street gang. Given a tightknit group like the Williams family, and

---

[1] For example, Harris told this Office that she smuggled drugs to Elijah Bobby Williams while he was in prison in Pennsylvania. This Office later interviewed an inmate who was housed with Elijah Bobby Williams, who confirmed Harris's information.

James Love, Esq. 3

the terror that they inflicted in both New York and Pennsylvania, the Government has had some difficulty securing the cooperation of civilian witnesses. Nicole Harris, on the other hand, told this Office repeatedly that she wanted to do the right thing and I believe that she did just that.

Please contact me with any questions that you may have.

Sincerely,

DAVID N. KELLEY
United States Attorney

By: _____
Helen Cantwell
Assistant United States Attorney
Telephone: (212) 637-2193

cc: Michael Navarra, Esq.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within pleading was served by mail to and upon the following:

Michael Novara, AFPD
Federal Public Defender's Office
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA  15222-3716
(Counsel for Nicole Harris)

U.S. Probation Office
Federal Building, Room 2204
1000 Liberty Avenue
Pittsburgh, PA 15222

s/ Mary Ann McHugh for
JAMES H. LOVE
Assistant U.S. Attorney

Dated: June 30, 2005